UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RC Warranty Services, LLC,
a Michigan limited liability company,
f/k/a Reliable Care Warranty Services,
LLC,

        Plaintiff,

v.

2020 Processing, LLC, an Arizona
limited liability company,

        Defendant.

_____/

Case No. 1:17-cv-13029-TLL-PTM

Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff RC Warranty Services, LLC, a Michigan limited liability company, states as follows for its First Amended Complaint for Declaratory Judgment against Defendant 2020 Processing, LLC, an Arizona limited liability company:

**I.    THE PARTIES**

1. Plaintiff RC Warranty Services, LLC ("Plaintiff") is a Michigan limited liability company with a place of business at 3305 E. Beaver Rd., Bay City, Michigan 48706.

2. Upon information and belief, Defendant 2020 Processing, LLC ("Defendant") is an Arizona corporation with a place of business at 16845 N. 29th

Ave., Suite 544, Phoenix, Arizona 85053.

3. Defendant is a citizen of a state other than Michigan within the meaning of 28 U.S.C. §1332(c)(1). Events giving rise to the claims in this Complaint have occurred in this judicial district.

## II.   JURISDICTION

4. This Court has subject matter jurisdiction over this claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P., as this is a case of actual controversy within the Court's jurisdiction. The Court has subject matter jurisdiction over the underlying claim pursuant to (a) 28 U.S.C § 1331, as it involves the right to use a trademark and threatened claims under the Lanham Act.

5. The Court possess personal jurisdiction over Defendant, as upon information and belief, Defendant carries on systematic and continuous business in Michigan, including through the sale of insurance programs under its trademarks described herein to customers in this judicial district.

6. The Defendant also has an interactive website at "reliabledealersolutions.com" which promotes its services and various products and includes information about its various products. Its website is accessible from any state and interactive to allow dealers/customers to obtain further information and make inquiries.

2

## III. VENUE

7. Venue is proper in this district under 28 U.S.C. 1391(a) and (c), as Defendant is subject to personal jurisdiction in this state and also because the events giving rise to the claims in this Complaint occurred within this judicial district.

## IV. FACTS COMMON TO ALL CLAIMS

8. Plaintiff is engaged in providing insurance administration services and various insurance programs, such as vehicle service contracts, gap insurance, and paint and fabric protection.

9. Plaintiff offers the services of activating new contracts, administering such contracts, and overseeing cancellation of contracts for its various insurance programs.

10. Plaintiff offers its insurance programs to customers, including auto dealers through a single exclusive independent agency relationship.

11. Beginning in or around August 2015, Plaintiff introduced new insurance products consisting of third-party extended warranty services, namely, vehicle service contracts for vehicles manufactured by others to cover mechanical breakdown and servicing.

12. Plaintiff's products are marked under the Marks "***Reliable Care***"; "***Reliable Care Vehicle Protection Plans***"; "***Reliable Care Warranty***"; "***Reliable***

*Care Warranty Services*"; "*Reliable Care Automotive*"; "*Reliable Care Guaranteed Asset Protection*" and "*Reliable Care Gap*" (collectively the "*Reliable Care Marks*".

13. Plaintiff filed an application for federal trademark registration with the United Stated Trademark Office on October 11, 2016 for the mark "*Reliable Care Vehicle Protections Plans*" and design as depicted below:



14. Plaintiff is the owner of all rights in its *Reliable Care Marks* and product.

15. Plaintiff's programs are offered primarily to customers in Michigan, Indiana, and Illinois.

16. Upon information and belief, Defendant offers extended warranty services for vehicles. Defendant promotes and sells its vehicle warranty service plans primarily to a variety of independent agents who then call on various automobile dealers who offer it to their customers.

4

17. Defendant offers various vehicle extended warranty programs that employ the word "Reliable" including its Reliable Protection program, branded as shown below:



18. Upon information and belief, Defendant markets, offers to sell, and sells its Reliable products "in most of the various states" and "markets nationwide via the Internet". (See Letter attached as **Exhibit A**.)

19. Upon information and belief, Defendant is the owner of a number of United States trademark registrations that incorporate the words "Reliable", including:

- U.S. Registration No. 4,446,161 for the mark "***Reliable Protection***" for use in connection with "extended warranty services, namely, service contracts; Warranty claims administration services, namely, processing warranty claims for automobile extended warranties.";

- U.S. Registration No. 4,780,261 for the mark "***Reliable Enhanced***" for use in connection with "extended warranty services, namely, service contracts; Third-party extended warranty services, namely,

vehicle service contracts on vehicles manufactured by others for mechanical breakdown and servicing; warranty claims administration services, namely, processing warranty claims for third party obligors.";

- U.S. Registration No. 4,780,262 for the mark "***Reliable Extend***" for use in connection with "extended warranty services, namely, service contracts; third-party extended warranty services, namely, vehicle service contracts on vehicles manufactured by others for mechanical breakdown and servicing; warranty claims administration services, namely, processing warranty claims for third party obligors on extended warranties for vehicles.";

- U.S. Registration No. 4,780,264 for the mark "***Reliable Premier***" for use in connection with "extended warranty services, namely, service contracts; third-party extended warranty services, namely, vehicle service contracts on vehicles manufactured by others for mechanical breakdown and servicing; warranty claims administration services, namely, processing warranty claims for third party obligors on vehicle service contracts."

(collectively referred to as "***Defendant's Reliable Marks***".)

20. Upon information and belief, Defendant is also the owner of the following marks related to similar services:

- U.S. Registration No. 4,438,548 for the mark "***True Vehicle Protection***" for use in connection with "extended warranty services, namely, service contracts; warranty claims administration services, namely, processing warranty claims for automobile extended warranties"; and

- U.S. Registration No. 4,438,552 for the mark "***T.V.P.***" for use in connection with "extended warranty services, namely, service contracts; warranty claims administration services, namely, processing warranty claims for automobile extended warranties". (Collectively the "***T.V.P. Marks***".)

21. Defendant contends it first used each of its marks as follows: "***Reliable Protection***" – June 2009; "***Reliable Enhanced***", "***Reliable Extend***" and "***Reliable Premier***" – January 2013; "***True Vehicle Protection***" and "***T.V.P.***" – June 2011.

22. On or about August 16, 2017, Plaintiff received a demand letter from Defendant which asserted that Plaintiff's use of the "***Reliable Care Marks***" was infringing Defendant's rights in "***Defendant's Reliable Marks***". (*Id.*)

7

23. Defendant asserted it has protectable rights in "***Defendant's Reliable Marks***".

24. In the demand letter, Defendant insisted that Plaintiff cease using the "***Reliable Care Marks***" or be subjected to a "federal trademark suit".

25. Defendant also asserted that Plaintiff was using the mark ***TVP*** in violation of Defendant's rights in its "***T.V.P Marks***". (*Id*.)

26. Defendant also asserts it has protectable rights in the "***T.V.P. Mark***". (*Id*.)

27. Plaintiff's TVP name has been in use since its inception through a licensing agreement with Old Republic Insurance Automotive Services, who has been using the mark in commerce, including in its marketing materials, since at least as early 2007.

28. Plaintiff responded to the demand letter on August 25, 2017 and denied the allegations and sought to explore a potential resolution of this matter short of litigation. (See Letter attached as **Exhibit B**.)

29. While Plaintiff denied that Defendant's claims had merit, Plaintiff suggested a reasonable phase out period to allow it to change its name and associated materials, including marketing materials to omit reference to the "***Reliable Care Marks***". (*Id*.)

8

30.  On September 6, 2017, Defendant declined Plaintiff's offer of settlement and sought a large financial payment as well as an ongoing royalty from future sales.

## V.  CLAIMS FOR RELIEF

### First Claim for Relief
### (Declaratory Judgment)

31.  Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

32.  There is an actual and justiciable controversy between Plaintiff and Defendant regarding Plaintiff's use of its "***Reliable Care Marks***" and the word "***TVP***".

33.  As a matter of law, Plaintiff's use of its "***Reliable Care Marks***" do not infringe any claimed trademark rights that Defendant may claim in any of the "***Reliable Marks***" as consumers are not likely to be confused between the concurrent use of Plaintiff's and Defendant's marks, including because of differences in sound and appearance, in the respective services offered under the marks, the respective channels of trade and customers.

34.  Similarly, as a matter of law, Plaintiff's use of the word "***TVP***" does not infringe any claimed trademark rights that Defendant may claim in any of the "***T.V.P. Marks***" as consumers are not likely to be confused between the concurrent use of Plaintiff's and Defendant's marks, including because of

9

differences in sound and appearance, in the respective services offered under the marks, the respective channels of trade and customers.

### Second Claim for Relief
### (Declaratory Relief)

35. Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

36. As a matter of law, "*Defendant's Reliable Marks*" and the "*T.V.P. Marks*" are descriptive and non-distinctive, do not function as source identifiers and are not protectable.

**WHEREFORE** Plaintiff respectfully requests that the Court:

A. Issue a judgment declaring that Plaintiff's use of its "*Reliable Care Marks*" and its "*TVP*" name for insurance products do not infringe or dilute any trademark rights claimed by Defendant in "*Plaintiff's Reliable Marks*" or the "*T.V.P. Marks*";

B. Issue a judgment declaring that "*Plaintiff's Reliable Marks*" and/or the "*T.V.P. Marks*" are descriptive and non-distinctive and not entitled to trademark protection; and

C.  Grant such additional or other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 14th day of September, 2017.

By: s/ John S. Artz
John S. Artz (P48578)
Peter E. Doyle
**DICKINSON WRIGHT, PLLC**
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
jsartz@dickinsonwrightcom
pdoyle@dickinsonwright.com

Leila McClure (P81711)
**DICKINSON WRIGHT, PLLC**
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-6009
lmcclure@dickinsonwright.com

Brian S. Makaric (P45150)
**BRAUN KENDRICK**
4301 Fashion Square Blvd.
Saginaw, MI 48603
(989) 489-2100
brimak@braunkendrick.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                    By:   /s/ Peter E. Doyle
                             Peter E. Doyle
`                           Dickinson Wright, PLLC
                             2600 W. Big Beaver Road, Suite 300
                             Troy, MI 48084
                             (248) 433-7200
                             pdoyle@dickinsonwright.com